IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA L. JONES,

      Plaintiff,

v.                                    Civil Action No. 5:07CV87
                                                     (STAMP)

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

      Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF
AND GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT**

I.  Procedural History

The plaintiff, Cynthia L. Jones, filed an application on June 23, 2004, for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act, 42 U.S.C. §§ 1381-1383f, 401-433.  In the application, the plaintiff alleged disability since June 4, 2004, due to numbness in her limbs, headaches, and a burning sensation.  The plaintiff's application was denied at the initial and reconsideration levels.  The plaintiff requested a hearing, and a hearing before an Administrative Law Judge ("ALJ") was held on April 20, 2006.  On May 30, 2006, the ALJ issued a decision finding that the plaintiff was not under a disability as defined by the Social Security Act.  The Appeals Council denied the plaintiff's

request for review, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3) seeking judicial review of the adverse decision.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff and the defendant filed cross-motions for summary judgment. Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge found that the Commissioner's decision to deny the plaintiff's application for benefits was proper because any failure by the ALJ to include a limitation of pushing and pulling in the Residual Functional Capacity ("RFC") hypothetical presented to the Vocational Expert ("VE") was harmless error; because the ALJ did not err by failing to obtain additional expert opinion on the plaintiff's mental RFC; and because the ALJ properly evaluated the plaintiff's credibility concerning her statements of pain and discomfort. Accordingly, the magistrate judge recommended that the defendant's motion for summary judgement be granted and that the plaintiff's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of

fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections, in which she objected to the magistrate judge's finding that the ALJ's failure to include a push/pull restriction in the VE hypothetical was harmless error. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections were filed in this case, a de novo review of those portions of the report and recommendation to which the plaintiff has objected is proper. All other findings of the magistrate judge will be reviewed for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### III. Discussion

To make a disability determination, an ALJ must undertake a five-step sequential analysis, which is set forth at 20 C.F.R. §§ 404.1520, 416.920. An ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can perform her past work; and, if she cannot perform her past work, (5) can perform other work in the national economy. An ALJ's findings must be upheld if supported by

4

substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). It is the duty of the ALJ, not of the courts, to make findings of fact and to resolve conflicts in the evidence. The Court's scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied, not to substitute the Court's judgment for that of the Secretary. Hays, 907 F.2d at 1456.

In her motion for summary judgment, the plaintiff raises three contentions. First, she argues that the ALJ erred at step five of the sequential analysis by failing to include a limitation on plaintiff's functional ability to push and pull when posing the hypothetical to the VE. Second, she contends that the ALJ erred in determining her mental RFC by failing to obtain the testimony of a medical advisor at the hearing or to order a consultative

psychological evaluation. Finally, the plaintiff argues that the ALJ improperly evaluated the plaintiff's credibility.

The defendant's motion for summary judgment contends that the ALJ posed a proper and complete hypothetical to the VE because it accounted for all of the plaintiff's limitations that the ALJ found credible and supported by the objective medical evidence. Alternatively, the defendant argues that even if the ALJ erred by excluding the push/pull limitation, such error was harmless because the jobs identified by the VE have no push/pull requirements. The defendant further argues that the ALJ properly determined the plaintiff's mental RFC.[1]

A. <u>Failure by Administrative Law Judge to Include a Limitation of Pushing and Pulling in the Hypothetical Presented to the Vocational Expert</u>

In this case, the ALJ identified the plaintiff's RFC as follows:

> [T]he [plaintiff] has the residual functional capacity to perform work at the light exertional level with certain modifications. She must not be required to lift more than ten pounds frequently, lift more than twenty pounds occasionally, or perform constant lifting above her head. She may perform no pushing or pulling but may perform all posturals on an occasional basis. She must have an allowance for limited range of motion of her neck from side to side and must not be required to operate foot pedals. She must be allowed to sit and stand at will. She must avoid hazards such as dangerous moving machinery

---

[1] The defendant did not respond to the plaintiff's contention that the ALJ erred by failing to obtain additional medical testimony or opinion concerning the plaintiff's RFC.

and unprotected heights.  She is limited to unskilled, entry-level work that involves short, simple instructions and routine, repetitive tasks, primarily working with things rather than people.

(A.R. 22).

Although the ALJ specifically stated in the RFC that the plaintiff "may perform no pushing or pulling," the hypothetical posed to the VE included no limitation on pushing or pulling:

> If you assume a hypothetical person of the [plaintiff's] age, background, education and work experience, who can do a range of light work with occasional postural, no lifting more than ten pounds on a regular basis or 20 pounds occasionally.  No constant lifting above the head. No constant motion or activity above the head.  No unprotected heights.  No hazardous machinery.  Sit/stand option and no foot pedals.  Has a limited range of motion of the neck, especially from side to side . . . .  If you added to the light level a low stress environment, by that I mean an entry level, unskilled, routine and repetitive, working with things as opposed to people, short, simple instructions, with all the other limitations that I have given you . . . .

(A.R. 386-87).

Using the information in the hypothetical, the VE opined that at the light exertional level excluding a limitation on having a low stress environment, the jobs available in significant numbers in the national and regional economies include a mail clerk and a price marker.  At the light exertional level including a limitation on having a low stress environment, the VE identified the jobs of price marker and parking lot attendant.  At the sedentary level, the VE cited the jobs of general sorter, address or stuffer, and general production inspector.

Magistrate Judge Seibert found that substantial evidence does not support the ALJ's decision to include a complete limitation on pushing and pulling in the plaintiff's RFC and, therefore, the ALJ committed no error by excluding it from the hypothetical presented to the VE. However, having accorded deference to the opinion of Dr. Labatia, who concluded that the plaintiff could not push or pull more than ten pounds frequently and twenty pounds occasionally, and having determined that the RFC should include a push/pull limitation, the magistrate judge found that the ALJ should have included that limitation on the hypothetical and that her failure to do so was error. Nevertheless, the magistrate judge concluded, such error was harmless because there is no indication that the jobs identified by the VE would require inclusion of that limitation and would not have resulted in a different finding by the ALJ regarding the availability of suitable jobs in the economy.

The plaintiff asserts that the magistrate judge erred by speculating what the VE's opinion would have been if the VE had been presented with, and considered, all of the limitations in the plaintiff's RFC, including the push/pull limitation that the ALJ had included. According to the plaintiff, excluding the push/pull limitation from the hypothetical rendered the VE's testimony irrelevant. Therefore, the plaintiff, concludes, the ALJ failed to meet her burden of establishing the existence of a significant

number of jobs in the national economy suitable for someone with the plaintiff's limitations.

After conducting a de novo review of the record, this Court agrees with the magistrate judge that substantial evidence does not support the ALJ's inclusion in the plaintiff's RFC of a complete limitation on pushing and pulling but that once the ALJ did include that limitation in the RFC, she erred by failing to include it in the hypothetical presented to the VE. Nevertheless, like the magistrate judge, this Court finds the error harmless.

First, substantial evidence does not support the inclusion of a complete limitation on pushing and pulling. Regarding the push/pull limitations, the state agency consultative medical examiner, Dr. Labatia, whose opinion the ALJ accorded significant weight, recommended limiting the plaintiff's work to light duty with occasional pushing and pulling of up to twenty pounds and no frequent pulling or pushing of more than ten pounds.[2] Nothing in Dr. Labatia's opinion nor in the remainder of the record supports a conclusion that the plaintiff's RFC should have included a complete limitation on pushing and pulling. However, once the ALJ included a push/pull limitation in the RFC, she erred by failing to include it in the hypothetical, or, alternately, to explain why she

---

[2]The ALJ weighed Dr. Labatia's opinion more heavily than those of Dr. Lauderman and Dr. Pascasio, state agency medical consultants, who opined that the plaintiff could perform work at the medium exertional level with no limitations.

9

excluded it. See Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984) (ALJ must indicate weight given to all of the relevant evidence).

B. Obligation to Obtain Additional Medical Evidence

In her complaint, the plaintiff alleges that the ALJ failed in his obligation to obtain additional medical evidence of the plaintiff's mental impairments. The magistrate judge found that the ALJ had not erred by failing to obtain additional medical evidence because the ALJ was under no duty to do so. Such a duty attaches when the evidence submitted by a claimant is inadequate for purposes of determining whether the claimant is disabled. See 20 C.F.R. § 416.912(e)(1); Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) ("[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate.") The magistrate judge found that the medical record, rather than being inadequate, furnished sufficient evidence of the plaintiff's history of anxiety and depression while also establishing that the plaintiff's mental impairments did not significantly limit her work-related abilities.

The plaintiff did not object to this portion of the magistrate judge's report and recommendation. Accordingly, this Court reviews for clear error and finds none. This Court agrees with the magistrate judge's assessment that the medical record establishes

a history of depression and anxiety but that these mental impairments do not significantly limit her ability to work. (Tr. 124-127; 233-239, 269; 305; 309-310; 324; 334-335;338-339; 342-343; 348-350.) Accordingly, the ALJ has met his duty under <u>Cook v. Heckler</u>, 783 F.2d 1168, 1173 (4th Cir. 1986).

C. <u>Duty to Consider Impact of Mental Impairments on Residual Functional Capacity</u>

The plaintiff alleges that the ALJ erred by failing to consider how her mental impairments affected her Residual Functional Capacity ("RFC"). The magistrate judge found that the ALJ fulfilled his duty to consider the effect of the plaintiff's mental impairments on her RFC by considering in detail the plaintiff's mental impairments (Tr. 24.) and specifically stating that he had considered all of the symptoms the plaintiff presented and had evaluated the extent to which those symptoms were reasonably supported by the medical evidence (Tr. 25). Further, the ALJ's determination of the plaintiff's RFC included his observation that despite the presence of "some evidence of non-severe mental impairments" and other evidence of potentially limiting physical conditions, "none of this evidence demonstrates that the severity of the impairments, even when considered in combination, precludes all sustained substantial gainful activity." (Tr. 27.)

The plaintiff raised no objections to this finding by the magistrate judge. Accordingly, this Court reviews for clear error. This Court does not believe this recommendation to be clearly erroneous.[3] As noted by the magistrate judge, the ALJ's statement, above, shows that the ALJ considered the plaintiff's mental impairment in his evaluation of her RFC.

D. <u>Determination of Plaintiff's Residual Functional Capacity</u>

According to the plaintiff, the ALJ, in determining the plaintiff's RFC failed to consider limitations imposed by her mental impairments and failed to consider other limitations identified by Drs. Ahmed, Garner, Hay (the Disability Determination Services Physician), and Bennett. Therefore, the plaintiffs urges, the ALJ's determination of her RFC is not supported by substantial evidence.

The magistrate judge found that the plaintiff's allegation concerning the failure by the ALJ to consider the plaintiff's mental limitations is without merit because the ALJ did, in fact, consider the plaintiff's mental impairments when he determined her RFC. (Tr. 24, 25, 27.)

---

[3]The quoted statement by the ALJ is set forth incorrectly in the report and recommendation as "none of the evidence demonstrates that the severity of the impairments, even when considered in combination, precludes all sustained gainful activity." The correct quote is as follows: "none of this evidence demonstrates that the severity of the impairments, even when considered in combination, precludes all sustained substantial gainful activity." This error is immaterial to the analysis.

The plaintiff objects, repeating her argument that the ALJ failed to include limitations arising from the plaintiff's mental limitations when he determined her RFC. After conducting a de novo review of the record, this Court agrees with the findings of the magistrate judge. That the ALJ's decision not to include accommodation for the plaintiff's mental impairments, either alone or in combination with her physical impairments, when he determined her RFC is supported by substantial evidence in that the evidence presented concerning her daily activities (Tr. 124-27; 140-146), her failure to allege disability based upon mental impairments (Tr. 102, 111), her failure to offer testimony on any limitations arising from her mental impairment (Tr. 388; 398-99); and the absence of medical evidence that her mental impairments limited her work ability (see, e.g., Tr. 348-49). This Court finds that substantial evidence supports the ALJ's decision not to include accommodation for the plaintiff's mental impairments, either alone or in combination with her physical impairments, when he determined her RFC.

The plaintiff also objects to the magistrate judge's finding that substantial evidence supports the ALJ's determination of the plaintiff's RFC because the determination fails to consider medical reports by Dr. Ahmed, Dr. Garner, Dr. Hays (the Disability Determination Services Physician), and Dr. Bennett, which identify certain postural and environmental limitations on the plaintiff's

13

work capacity. According to the plaintiff, the magistrate judge erred because--despite acknowledging that the ALJ failed to consider these limitations--the magistrate judge nonetheless determined that the identified limitations typically do not restrict the job options for the full range of unskilled sedentary work. The plaintiff contends that this finding was erroneous because the ALJ had found the plaintiff was not capable of performing the full range of sedentary work and that no evidence on record supported a finding that the plaintiff could perform the one job named by the Vocational Expert--dispatcher--could be performed if the ALJ had properly considered the postural and environmental limitations.

Having reviewed the record de novo, this Court finds that record provides substantial evidence to support the ALJ's conclusions concerning the plaintiff's RFC. First, after reviewing the medical reports of the above-named physicians, the ALJ rejected the DDS physician's view that the plaintiff was capable of performing a limited range of work at the light exertional level. (Tr. 26.) Instead, the ALJ relied upon "additional and more recently obtained evidence," including "the opinions of Dr. Ahmed . . . and, most pertinently, Dr. Garner, . . . who provided a very extensive, detailed and thorough evaluation of the claimant's limitations." (Tr. 26-27.) The ALJ rejected the opinions presented by Dr. Bennett, who "[did] not appear to have seen the

claimant often or treated her" and whose opinions "[were] not supported by the objective evidence (laboratory tests, diagnostic tests, clinical findings, or any other reliable evidence)." (Tr. 27.) In light of the ALJ's rejection of the DDS physician's finding that the plaintiff was capable of light exertional work in favor of a finding that she was limited to sedentary work, this Court concludes that substantial evidence supports the ALJ's RFC determination, despite its omission of the specific limitations the plaintiff believes should have been mentioned (e.g., limitations on pushing and pulling leg controls, crawling, climbing, bending, squatting, activities involving unprotected heights, activities requiring proximity to moving machinery, activities requiring exposure to marked changes in temperature and humidity, standing or walking for six to eight hours per day, sitting for six to eight hours per day, and reaching in all directions, including overhead). Because the ALJ explicitly referred to the medical reports containing these limitations on the plaintiff's ability to work, and on the basis of those reports, rejected a conclusion that she could perform light exertional work, this Court believes that the ALJ did consider the postural and environmental limitations in determining the RFC.

The plaintiff's objection that the ALJ found the plaintiff's ability to perform unskilled sedentary work did not include the full range of such work is correct. Specifically, the ALJ found

15

that the plaintiff's ability was limited to sedentary work that does not require continuous use of hands. However, the plaintiff is mistaken that the hypothetical presented to the Vocational Expert failed to account for the limitations on the plaintiff's ability to perform sedentary work. Specifically, the ALJ asked the Vocational Expert, "What kind of sedentary jobs would there be that somebody could [do] [if she] couldn't use [her] hands on a continuous [basis]?" (Tr. 390). The limitations that the plaintiff believes should have been explicitly addressed were already accounted for by the finding that the plaintiff was limited to sedentary work. Accordingly, this Court finds that substantial evidence supports the ALJ's findings.

## IV. Conclusion

Because this Court finds that those sections of the magistrate judge's recommendation to which the plaintiff has not objected are not clearly erroneous and that the plaintiff's objections to the remaining portions of the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 23, 2008

<pre>
                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE
</pre>